**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER BEALL,

     Plaintiff,

v.                                 Case No: 8:26-cv-1415-CEH-AAS

BEALL'S, INC. and BEALL'S
WESTGATE CORPORATION,

     Defendants.

_____

## <u>ORDER</u>

This matter comes before the Court upon Plaintiff Jennifer Beall's Motion to File Complaint Under Seal (Doc. 3). In her Motion, Plaintiff seeks to file her Complaint under seal and leave a redacted complaint available for public access for a period of ninety days.

Plaintiff Jennifer Beall is a shareholder of Defendants Beall's Inc. and Beall's Westgate Corporation (collectively "Bealls"). Plaintiff filed a redacted Complaint seeking an order to produce the corporate records of Defendants pursuant to FLA. STAT. § 607.1604 (Doc. 1). Plaintiff later filed her Motion to File Complaint Under Seal, along with a copy of her unredacted Complaint. Plaintiff claims that the redactions are necessary because the Complaint contains highly confidential and sensitive business information. Specifically, Plaintiff alleges that the redacted portions of the complaint come from Defendants' annual business reports, which state: "By receiving and/or reviewing these materials, you acknowledge and accept your duty to

maintain their confidentiality. This includes refraining from sharing, distributing, or using materials for any purpose outside the scope of your shareholder interest, as required by company policy and applicable law." Doc. 3 at 2. Plaintiff argues that sealing the unredacted complaint for ninety days and publishing the redacted complaint is appropriate because it gives Defendants an opportunity to protect the confidentiality of that information.

There is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001)). As stated in this Court's Local Rules, "sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id*. (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate
> privacy interests, the degree of and likelihood of injury if made public,

the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

The Court is unable to balance the right of access against Defendants' interest in keeping the information confidential. Plaintiff argues that Defendants' annual reports contain confidential business information, however Plaintiff has failed to provide any of these annual reports for the Court's review.

Additionally, Plaintiff's proposed redactions appear to be overbroad. Plaintiff does redact some conceivably sensitive business information such as Plaintiff's number of shares in Bealls and book value of those shares. However, Plaintiff also redacts a host of information that is likely outside the scope of any confidential annual report. Plaintiff redacts information concerning the business relationship between Beall's Inc. and Beall's Westgate Corporation in paragraphs 10 to 17. Plaintiff also redacts "odd behavior" she has witnessed from Robert Matthews Beall III, the CEO of Bealls in paragraphs 18 to 30. *See* Doc. 1 ¶ 18.

Plaintiff has also failed to show good cause. Even if Plaintiff provided the annual reports, that alone would not be enough to show good cause to file the complaint under seal. As our local rules dictate, a confidentiality agreement alone does not authorize filing documents under seal. *See* M.D. Fla. Local Rule 1.11(a). Plaintiff must separately establish good cause to support filing her Complaint under seal.

Plaintiff has not done so outside of stating that the pleading contains business information arising from annual reports which maintain that the information is confidential. *See Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-CV-1402, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("[A] blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

Accordingly, it is **ORDERED**:

1. Plaintiff Jennifer Beall's Motion to File Complaint Under Seal (Doc. 3) is **DENIED** without prejudice.

2. Plaintiff may file an amended complaint or a renewed Motion to File Complaint Under Seal within fourteen (14) days of this order.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4